File Name: 06a0217n.06
Filed: March 29, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-3394

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FARZAN J. MUFTI,

    Petitioner,

v.

ALBERTO R. GONZALES,

    Respondent.

                                   THE BOARD OF IMMIGRATION APPEALS

_____/

Before:      MARTIN, NELSON, and COLE, Circuit Judges

      BOYCE F. MARTIN, JR., Circuit Judge. Farzan Jameel Mufti, a lawful permanent resident of the United States and a native of Pakistan, was found to be "inadmissible" because he re-entered the United States without having been lawfully admitted when he crossed into the country from Canada. His unlawful reentry resulted from his helping to smuggle his wife into this country from Canada. For the reasons discussed below, we GRANT Mufti's petition for review, VACATE the decision of the Board of Immigration Appeals, and REMAND the case for further proceedings consistent with this opinion.

I.

      Mufti was admitted to the United States as a lawful permanent resident in 1997. Mufti, who earned his bachelor's degree and MBA in Pakistan, has successfully completed a master's degree

in computer science in the United States and was admitted to begin a doctorate program at Memphis University in the fall of 2003. He was, at the time of detainment, employed teaching college-level mathematics.

In April 1999, Mufti returned to Pakistan to be married. On September 16, 2000, Mufti's wife flew from Pakistan to Canada on a valid Canadian visa. Mufti met with his wife in Canada and proceeded to cross the St. Lawrence River with his wife in an effort to smuggle her into the United States. The two were arrested at a bus stop in Buffalo, New York on September 17. Mufti and his wife had a son on July 3, 2001. He is an American citizen.

The Government seeks to deny Mufti's entry for two reasons: 1) smuggling his wife into the country, an alleged violation of 8 U.S.C. § 1182(a)(6)(E)(i), and 2) being present in the United States without being admitted or paroled, § 1182(a)(6)(A)(i). Mufti is eligible for a discretionary waiver pursuant to § 1182(d)(11) of the smuggling charge because he was smuggling his spouse into the country.

The immigration court denied Mufti's petition for a waiver because it found that Mufti's entry into the United States without permission was not eligible to be waived under subsection (d)(11). The immigration court also concluded that the two offenses did not merge[1] for the purposes of waiver and, therefore, denied relief and never reached the issue of whether its discretion should be exercised in this case. Additionally, the immigration court declined to terminate the proceedings

---

[1]Merger is "[t]he absorption of a lesser included offense into a more serious offense when a person is charged with both crimes." BLACK'S LAW DICTIONARY (8th ed. 2004).

under 8 C.F.R. § 1239.2(f)[2] in order for Mufti to continue naturalization. Finally, the immigration court denied Mufti permission to voluntarily depart from the country because he lacked good moral character for the past five years based exclusively on his attempt to smuggle his wife into the United States. *See* 8 U.S.C. § 1229c(b)(1)(B). The Board of Immigration Appeals affirmed the immigration court's judgment and Mufti now appeals.

II.

When an alien is ordered to be removed from the United States, this Court must consider the factual determinations of the Board to be "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Further, when an alien, as in the case here, is deemed inadmissible, the "decision that [the] alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001) (quoting 8 U.S.C. § 1252(b)(4)(C)).

---

[2]Under this provision,

> [a]n immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors; in every other case, the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during any state of the proceedings.

8 C.F.R. § 1239.2(f).

This case turns on the issue of merger. If the two offenses should have been merged, then the case must be remanded to determine whether the Attorney General will exercise his discretion in granting the waiver. *See* 8 U.S.C. § 1182(d)(11). The language of this waiver is as follows:

> The Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) of this section in the case of any alien lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of removal, and who is otherwise admissible to the United States as a returning resident under section 1181(b) . . . if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse . . . (and no other individual) to enter the United States in violation of law.

*Id.* There is considerable legislative history of this waiver position, which points to the encouragement of "family unity" as the primary goal of the provision. *See* 136 Cong. Rec. H12358-03 ("[T]he conference report enhances the unification of families who have been separated by their own unfortunate circumstances and by our immigration laws. We have been faithful in returning family unification as the cornerstone of American immigration law and policy. . . . American immigration law should be based upon a desire for pursuing the time-honored American tradition of encouraging family unity. . . . This is pro-family legislation. It brings families together. In particular, it emphasizes the minor children and spouses of families, and the more immediate unification of such families."); H.R. Rep. No. 101-723 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6710, 6711 (stating an objective of the amendments was "to ease current U.S. immigration law restrictions that . . . hinder the reunification of nuclear families.").

Congress's intent is clear: family unification is one of the highest goals of our immigration law and the motivation behind the creation of this waiver. We think it would be strange to construe

the waiver provision in such a manner so as to prohibit the most common and likely scenario for its application.  It would become absurd to limit such a waiver based on the method a family member chooses to smuggle a loved one into the United States.  Mufti held his wife's hand through her process of entering the United States and, as a result, he himself, a legal permanent resident, failed to enter the United States through an authorized place of entry.  If we were to interpret the waiver provision as the government wishes, the potential beneficiaries of the waiver would stretch the imagination to its limits.  The potential beneficiary would essentially have to smuggle their loved one *through* an authorized port of entry.  Such a result would not be encouraging to family unity, but provide the ultimate discouragement of unity.

Mufti did not participate in a smuggling operation for money, illicit substances, or for the benefit of strangers.  Mufti attempted to smuggle his wife into the United States after he feared for her life if she remained in their native Pakistan.  Mufti's illegal entry into the United States was occurred at the exact moment that he smuggled his wife into the country.  Therefore, the "offense" of Mufti illegally entering the United States should have merged into the greater offense of smuggling.  The immigration court erred in determining otherwise.  Thus, the appropriate course is to remand for reconsideration of whether to grant this discretionary waiver, in what appears to be the quintessential case of family unification.  With the charge against Mufti merged into the smuggling offense, his standing of good moral character would remain intact and the immigration court could have terminated proceedings to allow Mufti's naturalization application to proceed.

III.

Based on the discussion above, this Court GRANTS Mufti's petition for review, VACATES

the decision of the Board of Immigration Appeals, and REMANDS the case for further proceedings

consistent with this opinion.

**DAVID A. NELSON**, Circuit Judge, dissenting. Mr. Mufti hired two men to smuggle his wife into the United States by taking her across the St. Lawrence River about a mile east of Massena, New York, a designated port of entry. If he had not accompanied his wife across the river, Mufti could have made a legal entry at Massena and rejoined his wife later. And if he had followed that course, he would unquestionably have been eligible for a waiver under 8 U.S.C. § 1182(d)(11) as one "who is otherwise admissible to the United States as a returning resident . . . ."

Because Mr. Mufti himself crossed the border illegally, however, thereby committing an infraction of the immigration laws separate and distinct from the offense of encouraging or assisting his wife to enter illegally, the government takes the position that he was not "otherwise admissible" and was thus not eligible for a waiver. It does not seem to me that this is an unreasonable interpretation of the law, and in my view the government's interpretation is entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and its progeny.

I do not believe that the government was required to treat Mr. Mufti's own illegal entry as a lesser included part of the smuggling offense, even though the two violations occurred at the same time. The elements of the former offense are not a subset of the elements of the latter, see *Schmuck v. United States*, 489 U.S. 705, 716 (1989), so there was no merger of the two offenses into one — or so the government was entitled to conclude. Accordingly, I would deny the petition for review.